UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
UNITED STATES OF AMERICA,     :
                              :
v.                            :     Crim. No. 3:02cr264(AWT)
                              :
WALTER A FORBES .             :
                              :
------------------------------x
```

**ORDER RE MOTION FOR A NEW TRIAL**
<u>**BASED ON NEWLY DISCOVERED EVIDENCE**</u>

Defendant Walter A. Forbes ("Forbes") was convicted of one count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 371 and two counts of filing false statements with the Securities and Exchange Commission ("SEC") in violation of 15 U.S.C. § 78ff(a), in connection with accounting fraud at Cendant Corporation and its predecessor, CUC International ("CUC").  His conviction was affirmed on appeal.  Forbes has moved for a new trial pursuant to Rule 33 of the Federal Rules of Criminal procedure on the ground of newly discovered evidence.  For the reasons set forth below, the motion is being denied.

Forbes argues that Stuart Bell ("Bell"), the former Chief Financial Officer of CUC, who did not testify at trial because he asserted his Fifth Amendment privilege, is now available to testify because the statute of limitations has run on any criminal charge that could have been brought against him.

Forbes argues that Bell will testify that Bell never committed any fraud while at CUC, and thus severely undermine the government's theory of the case against Forbes.

In United States v. Owen, 500 F.3d 83 (2d Cir. 2007), the Second Circuit held that

> a new trial pursuant to Rule 33 based on newly discovered evidence may be granted "only upon a showing that the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal."

Id. at 87 (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980)).  With respect to the test for whether the requirements of Rule 33 are met, the court stated:

> Our sister circuits are in substantial agreement on the essential elements to be considered in evaluating a defendant's motion for a new trial pursuant to Rule 33, and a majority has articulated a nearly uniform test.  Each essentially requires that: (1) the evidence be newly discovered after trial; facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal.

Id. at 87-88.

At issue in Owen was whether "exculpatory affidavits from codefendants who did not testify at trial because they exercised their Fifth Amendment privileges may . . . qualify as 'newly discovered' evidence within the meaning of Rule 33." Id. at 88. The court concluded that such affidavits did not qualify as

newly discovered evidence under Rule 33.  However, the court's conclusion was based on the following reasoning:

> We have never before held that a new trial may be granted pursuant to Rule 33 on the basis of evidence that was known by the defendant prior to trial, but became newly available after trial, and we decline to do so here.  As Judge Friendly observed, albeit in dicta, courts "must exercise great caution in considering evidence to be 'newly discovered' when it existed all along and was unavail[a]ble only because a co-defendant, since convicted, had availed himself of his privilege not to testify."  Following this counsel, we now join the majority of the circuits to have addressed the issue and hold that Rule 33 does not authorize district courts to grant new trials on the basis of such evidence since it is not newly discovered, but merely newly available.
> It is axiomatic that where the words of a statute are clear, "the words employed are to be taken as the final expression of the meaning intended."  One does not "discover" evidence after trial that one was aware of prior to trial.  To hold otherwise stretches the meaning of the word "discover" beyond its common understanding.  We are not inclined to expand the scope of Rule 33 beyond its textual limits.

Id. at 89-90 (internal citations omitted).

Forbes has made a similar argument with respect to Bell in a Petition to Vacate or Set Aside the Judgment of Conviction under 28 U.S.C. § 2255 and he notes in his memorandum in support of the instant motion that he "also bring[s] this motion in the event that the government argues that the issues raised herein should have been raised in a Rule 33 motion instead of Mr. Forbes'[s] § 2255 petition."  (Def.'s Mem. Supp. Mot. New Trial (Doc. No. 2867), at 2 n.1.)  Based on the analysis set forth in the court's ruling on Forbes's § 2255 petition, the court

concludes that Forbes has not demonstrated that Bell's testimony is "newly available", because he has not made a credible proffer that it is available at all. However, even if Bell's testimony were newly available, the reasoning in Owen is directly applicable to Forbes's argument with respect to Bell. Forbes had, at the time of trial, as much information concerning Bell as he has now.

Forbes attempts to distinguish Owen, emphasizing that it related to newly available evidence from a codefendant and citing United States v. Jasin, 280 F.3d 355, 365 (3rd Cir. 2002), for the proposition that exculpatory evidence offered by co-defendants is generally considered by courts to be "inherently suspect." Id. However, this logic would be equally applicable to Bell in this case, because while Bell was not charged with Forbes, it was the government's theory that Bell was a co-conspirator in the fraud. And the reasoning in Owen is directly applicable to this case.

Thus, Forbes is not seeking to proffer any evidence that falls within the definition of "newly discovered" evidence. Based on the foregoing alone, the instant motion should be denied, so the court need not address the other arguments set forth in the government's opposition.

-5-

Accordingly, Defendant Walter A. Forbes' Motion for a New Trial Based on Newly Discovered Evidence (Doc. No. 2867) is hereby DENIED.

Dated this 27th day of February, 2014, at Hartford, Connecticut.

>                    /s/
>           Alvin W. Thompson
>      United States District Judge